SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

KRISHNA RAJA, an individual,

Plaintiff,

v.

AMERICAN AIRLINES GROUP, INC., a Delaware Corporation; AMERICAN AIRLINES, INC., a Delaware Corporation; AMERICAN AIRLINES JANE DOES 1 through 10; HUNTLEIGH USA CORPORATION, a Texas Corporation; HUNTLEIGH USA JANE DOES 1 through 10,

Defendants.

NO.

COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Krishna Raja, by and through his undersigned attorneys, and allege as follows:

**I.     PLAINTIFF**

1.1     Krishna Raja is a resident of Wayne, Pennsylvania, but is in the process of moving to Seattle, Washington.

1.2     Due to an accident earlier in life, Mr. Raja suffers from quadriplegia with loss of movement and sensation in all four limbs, but with some control over his shoulder and biceps.

COMPLAINT FOR DAMAGES – 1

**KRUTCH LINDELL BINGHAM JONES, P.S.**
3316 Fuhrman Avenue E., Suite 250
Seattle, WA 98102
206-892-3100

The limited control Mr. Raja has over his shoulder allows him to move his hand and is vital to both his independence and his career as a software engineer. The defendants attempted to physically move Mr. Raja off an aircraft against his will and caused him to fall out of a wheelchair onto the floor. This fall severely injured his shoulder.

## II.     DEFENDANTS

2.1     At all times material hereto, Defendant American Airlines, Inc. is, and has been, a Delaware corporation headquartered in Fort Worth, Texas, and doing business in King County, Washington. At all times material hereto, American Airlines, Inc., has maintained a registered agent for service in Olympia, Washington.  American Airlines, Inc. is a legacy air carrier operating regularly scheduled commercial flights under 14 CFR Part 121 and operates flights out of Sea-Tac, King County, Washington.

2.2     At all times material hereto, Defendant American Airlines Group, Inc. is, and has been, a Delaware corporation headquartered in Fort Worth, Texas, and doing business in King County, Washington.  On information and belief, American Airlines Group, Inc., owns American Airlines, Inc.  American Airlines Group, Inc. and American Airlines, Inc. are alter egos of each other, have unified interests, and are in effect a single economic entity.

2.3     American Airlines Group, Inc. and American Airlines, Inc. are referred to jointly as "American Airlines."

2.4     American Airlines Jane Doe 1 and Jane Does 2-10 were employees of American Airlines, serving in their capacity as flight attendants on flight AAL2846 and gate agents at the arrival gate in Seattle. Because their names are currently unknown to Plaintiff, they are referred to herein by their occupations. Because which particular actions and omissions

should be attributed to each flight attendant and gate agent is unknown at this time, the flight attendants and gate agents are occasionally referred to generally and collectively herein.

2.5   The first name of American Airlines Jane Doe 1 is believed to be "Darlene" or a phonetically similar name.

2.6   Defendant Huntleigh USA Corporation is a foreign corporation organized and incorporated under the laws of Missouri, with its principal place of business in Texas, and doing business at all times relevant hereto directly, and/or through its corporate office in Kent, Washington. Huntleigh USA Corporation has an active license in the state of Washington, with a registered agent in Olympia, Washington.

2.7   Hereinafter, Defendant Huntleigh USA Corporation is referred to as "Huntleigh."

2.8   Huntleigh Jane Does 1-10 were employees of Huntleigh, serving in their capacity as Huntleigh employees. Because their names are currently unknown to Plaintiff, they are referred to generally herein. Because which particular actions and omissions should be attributed to each Huntleigh employee is unknown at this time, the Huntleigh employees are occasionally referred to generally and collectively herein.

2.9   At the time of the incident, Huntleigh acted as American Airlines' agent in carrying out American Airlines' duties to assist disabled passengers in embarking and disembarking aircraft.

2.10   All pronouns and other indications of gender or biological sex are meant to be nonspecific and interchangeable.

### III.   JURISDICTION AND VENUE

3.1   The Superior Court of King County, State of Washington, has subject matter jurisdiction over this action pursuant to RCW § 2.08.010.

COMPLAINT FOR DAMAGES – 3

**KRUTCH LINDELL BINGHAM JONES, P.S.**
3316 Fuhrman Avenue E., Suite 250
Seattle, WA 98102
206-892-3100

3.2 Jurisdiction is proper in the State of Washington because the cause of action as alleged herein arose out of activities (to wit, the commission of a tortious act within this state) within the State of Washington pursuant to RCW § 4.28.185.

3.3 Venue is proper in King County pursuant to RCW § 4.12.025, because the tortious acts and omissions that caused this incident occurred in King County, Washington. The Kent assignment area is proper because the incident occurred south of I-90.

### IV.   FACTS

4.1 On the afternoon of October 1, 2019, Mr. Raja boarded American Airlines flight AAL2846, a midday flight from Philadelphia International Airport in Philadelphia, Pennsylvania to Seattle Tacoma International Airport in Sea-Tac, Washington ("Sea-Tac").

4.2 The purpose of Mr. Raja's trip was to attend a job interview for a position as a software engineer with a company in the Seattle area.

4.3 The prospective employer booked Mr. Raja's ticket and informed American Airlines that he requires wheelchair assistance to embark and disembark from the aircraft due to his preexisting physical disability.

4.4 It is believed and therefore alleged that American Airlines kept a list of passengers requiring special services and that Mr. Raja was on this list.

4.5 American Airlines provided Mr. Raja with the requisite assistance needed for him to safely board AAL2846 in Philadelphia, which departed on the morning of October 1, 2019.

4.6 Flight AAL2846 arrived at Sea-Tac on the afternoon of October 1, 2019.

4.7 American Airlines contracted with Huntleigh to safely disembark Mr. Raja at Sea-Tac, but qualified Huntleigh agents were not available upon his arrival.

4.8     Huntleigh Jane Doe 1 arrived to assist Mr. Raja but she was not trained in moving quadriplegic passengers.   As such, she advised everyone present that she called the office and that somebody else was on their way.

4.9     Despite Huntleigh Jane Doe 1's assurance that somebody else was on their way, American Airlines Jane Doe 1 refused to wait for properly trained Huntleigh agents to arrive but insisted on attempting to transfer Mr. Raja to an aisle chair immediately and requested that Huntleigh Jane Doe 1 help her even though Huntleigh Jane Doe 1 was obviously not comfortable with the situation.

4.10    Mr. Raja, his parents, and his sister requested that Mr. Raja not be moved without qualified assistance.

4.11    American Airlines Jane Doe 1 became visibly and audibly frustrated with Mr. Raja when she found out that Mr. Raja could not use his arms.

4.12    Mr. Raja lost the use of his arms in an accident when he was 20 years old. Despite American Airlines Jane Doe 1's implication, Mr. Raja did not choose to be paralyzed.

4.13    Mr. Raja's sister grew increasingly concerned when she asked American Airlines Jane Doe 1 not to move Mr. Raja without qualified assistance. Her voice cracked as she pleaded with American Airlines Jane Doe 1 on behalf of her brother: "I do not want any bones to break."

4.14    American Airlines Jane Doe 1 stated, "well if that be the case then you need a medical assistant because we can only do so much," as she placed her hands around Mr. Raja and started trying to drag him into the aisle chair.

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Avenue E., Suite 250
Seattle, WA 98102
206-892-3100

4.15    As American Airlines Jane Doe 1 lifted Mr. Raja under his arms and Huntleigh Jane Doe 1 attempted to lift his legs, American Airlines Jane Doe 1 stated "I can do it! I'm very good at this."

4.16    American Airlines Jane Doe 1 was not in fact very good at this.

4.17    At the instruction of American Airlines Jane Doe 1, Huntleigh Jane Does 1 and 2 continued trying to secure Mr. Raja in the aisle chair.

4.18    An unnamed American Airlines flight attendant—who spoke politely and kindly to Mr. Raja and his family throughout this incident and is not named as a defendant herein—attempted to stop American Airlines Jane Doe 1 and Huntleigh Jane Does 1 and 2 from continuing their attempt to move Mr. Raja.

4.19    American Airlines Jane Doe 1 claimed "I can transfer him I just can't lift him because he's heavy."

4.20    The aisle chair rocked back and forth because it was unsecured and Mr. Raja nearly fell but his sister caught him.   Mr. Raja's father asked the Huntleigh Jane Does to secure the aisle chair.

4.21    For some inexplicable reason, after Mr. Raja was most of the way into the aisle chair, either American Airlines Jane Doe 1 or a Huntleigh employee proceeded to unstrap Mr. Raja's aisle chair seat belt without supporting his torso, causing him to fall to the floor and sustain serious injuries.

4.22    The American Airlines and Huntleigh employees in the vicinity all failed to catch Mr. Raja as he fell to the floor.

4.23    Mr. Raja laid on the floor of the aircraft, moaning in pain while his family tried to comfort him, until EMTs later arrived and assisted Mr. Raja off the plane.

## V. CAUSES OF ACTION

**First Cause of Action – Common Law Negligence
Against All Defendants**

5.1 Plaintiff alleges a common law negligence claim against all Defendants. All Defendants had a duty of reasonable care to Mr. Raja, breached that duty, and proximately caused Plaintiff's damages. Additional allegations regarding individual Defendants are included in the subsections below.

5.2 American Airlines is a common carrier under Federal law and Washington law, and therefore has a duty to use the highest degree of care to ensure the safety of its passengers.

5.3 As American Airlines' agent in assisting disabled passengers embark and disembark aircraft, Huntleigh is also a common carrier with a duty to use the highest degree of care to ensure the safety of its passengers.

5.4 Further, 14 C.F.R. §382.95 and/or other provisions of the Air Carrier Access Act requires air carriers to promptly provide or ensure the provision of assistance requested by or on behalf of passengers with a disability or offered by carrier or airport operator personnel and accepted by passengers with a disability, in enplaning and deplaning. These requirements include, amongst other things, the provision of personnel to provide this assistance.

5.5 American Airlines, by and through its agents and servants, breached its duty owed to Mr. Raja under the common law and the Air Carrier Access Act by failing to safely assist during the disembarkment process.

5.6 Huntleigh, by and through its agents and servants, breached its duty owed to Mr. Raja under the common law and the Air Carrier Access Act by failing to safely assist during the disembarkment process.

5.7 The above–described incident was the direct and proximate result of negligence of American Airlines and Huntleigh in their failure to safely transport Mr. Raja off the aircraft.

5.8 The injuries suffered by Mr. Raja were the direct and proximate result of the negligence of the defendants.

5.9 American Airlines and Huntleigh are liable for the negligence of their respective John Does 1 -10 (gate agents, flight attendants, wheelchair assistants) and Plaintiff's damages under the principle of *respondeat superior*.

**Second Cause of Action – Assault and Battery Against American Airlines Jane Doe 1**

5.7 The above-described incident in which American Airlines Jane Doe 1 forcefully transferred Mr. Raja to an unsecured aisle chair over his explicit protests was intentional, nonconsensual, and harmful and/or offensive. Accordingly, Ms. Doe is liable for the intentional torts of assault and battery.

5.8 Jane Doe 1, and her marital community, if married, are therefore liable for Plaintiff's damages as set out below.

## VI. DAMAGES

6.1 As a direct and proximate cause of defendants' negligence, Mr. Raja suffered severe and permanent harm including, but not limited to, the following damages in an amount to be proven at trial for which he is entitled to be compensated by defendants.

    6.1.1 Past, present, and future mental and physical pain and suffering; mental and emotional pain, suffering, anguish and distress; loss of ability to enjoy life;

    6.1.2 Past, present, and future medical treatment expenses;

    6.1.3 Past, present, and future impaired earning capacity;

    6.1.4 Past, present, and future general and special damages;

6.1.5 Disability; and,

6.1.6 Such other further injuries and damages as will be proven at the time of trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court enter judgment against defendants for:

1. Special and general damages in amounts to be proven at trial;

2. Costs and disbursements;

3. Statutory attorney fees;

4. If defendants bring any frivolous or unfounded defenses, for attorneys' fees and costs pursuant to RCW 4.84.185 and/or Rule 11 of the Superior Court Civil Rules;

5. Statutory interest on the judgment from the date judgment is entered until paid in full;

6. Prejudgment interest on the special damages;

7. Prejudgment interest on liquidated damages;

8. Such other and further relief as the Court may deem just and equitable.

Dated this 10th day of September, 2021.

KRUTCH LINDELL BINGHAM JONES, P.S.

/s/ James T. Anderson
/s/ J. Nathan Bingham
James T. Anderson, WSBA #40494
James Nathan Bingham, WSBA #46325

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES – 9

**KRUTCH LINDELL BINGHAM JONES, P.S.**
3316 Fuhrman Avenue E., Suite 250
Seattle, WA 98102
206-892-3100